IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:   C. R. BARD, INC.
         PELVIC REPAIR SYSTEM
         PRODUCTS LIABILITY LITIGATION                    MDL No. 2187

THIS DOCUMENT RELATES TO:

*Veronica Walton v. C. R. Bard, Inc.*              Civil Action No. 2:13-cv-21345

MEMORANDUM OPINION & ORDER

Pending before the court is defendant C. R. Bard, Inc.'s ("Bard") Motion to Dismiss With Prejudice [ECF No. 10]. The plaintiff has responded to the motion [ECF No. 13], making it ripe for decision. For the reasons stated below, Bard's Motion to Dismiss [ECF No. 10] is **DENIED**.

I.      **Background**

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are approximately 50,000 cases currently pending, over 5,000 of which are in the Bard MDL, MDL 2187. Managing multidistrict litigation ("MDL") requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' responsibilities.

Pretrial Order ("PTO") # 244 provides that plaintiffs in 332 cases in this MDL, including this case, were required to submit a complete Plaintiff Fact Sheet ("PFS") on or before April 3, 2017. *See* PTO # 244 at ¶ A, No. 2:10-md-2187, entered Mar. 3, 2017 [ECF No. 3131]. Bard moves for sanctions against the plaintiff for failure to comply with PTO # 244, specifically seeking dismissal of the plaintiff's case with prejudice for failure to serve a complete PFS. In response, plaintiff's counsel stated that the plaintiff, Veronica Walton, is deceased, and they were unable to contact the plaintiff's heirs at law or successors in interest to complete the PFS.[1] However, the plaintiff ultimately filed the PFS on June 2, 2017 [ECF No. 14] pursuant to PTO # 253, 44 days after the plaintiff filed her Response [ECF No. 13]. *See* PTO # 253 at ¶ 1, No. 2:10-md-2187, entered May 26, 2017 [ECF No. 3810].

## II. Legal Standard

Federal Rule of Civil Procedure 37(b)(2) provides that a court may issue "just orders" when a party fails to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). In the MDL world, this authority has particular significance. An MDL judge bears the "enormous" task of "mov[ing] thousands of cases toward resolution on the merits while at the same time respecting their individuality," and to carry out this task in a smooth and efficient manner, the judge must establish and, more importantly, enforce rules for discovery. *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006). Rule 37(b)(2) supplies the tool for this enforcement, allowing a judge to impose sanctions when a party fails to comply with the court's

---

[1] The court expects full compliance with Rule 25 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 25.

discovery orders. *See id.* at 1232 ("[A] willingness to resort to sanctions, sua sponte if necessary, may ensure compliance with the [discovery] management program." (internal citation omitted)); *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively.").[2]

## III.  Discussion

Without making a finding about the sufficiency of the PFS, the circumstances of this case lead me to impose the sanction provided in Rule 37(b)(2)(C), which requires the disobeying party to pay "the reasonable expenses, including attorney's fees, caused by the [discovery] failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The plaintiff has not provided substantial justification for her failure to timely submit to discovery. Furthermore, there are no circumstances that make this sanction unjust. Although the discovery violation has since been cured, it nevertheless resulted in litigation expenses for Bard. Applying Rule 37(b)(2)(C) ensures that the disobeying party, rather than the innocent party, bears those costs.

To bring this Motion to Dismiss, Bard expended time and money identifying Ms. Walton as one of the non-compliant plaintiffs; drafting a motion to dismiss; and

---

[2] The Fourth Circuit Court of Appeals has directed courts to consider the *Wilson* factors in the case of "extreme sanction[s]," such as dismissal or judgment by default, where the "district court's desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–06 (4th Cir. 1977)). The minor sanction ultimately ordered in this case, partial compensation of the expenses caused by the plaintiff's discovery violation, does not raise these concerns. Therefore, I do not find it necessary to review the *Wilson* factors.

serving the motion. Based on my understanding of the economic and administrative realities of multidistrict litigation, I conclude that a representative, though minimal, valuation of Bard's expenses, and the proper sanction in this case, is in the amount of $1000.

## IV.    Conclusion

It is therefore **ORDERED** that the plaintiff has **30 business days** from the entry of this Order to pay Bard **$1000** as minimal partial compensation for the reasonable expenses caused by the plaintiff's failure to comply with discovery.[3] In the event that the plaintiff does not provide adequate or timely payment, the court will consider ordering a show-cause hearing in Charleston, West Virginia, upon motion by the defendants. It is further **ORDERED** that Bard's Motion to Dismiss With Prejudice [ECF No. 10] is **DENIED**. Finally, it is **ORDERED** that plaintiff's counsel send a copy of this Order to the plaintiff via certified mail, return receipt requested, and file a copy of the receipt.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 22, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[3] The court directs Bard to communicate with plaintiffs' leadership regarding payment instructions.